UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRANCISCO RODRIGUEZ RUIZ, JR.,

      Plaintiff,

v.                                            Case No. 23-C-600

CAPT WAYNE BAUER, LT. STANIEC,
NP RN BLEEKER, HSM WEINMAN,
and JOHN AND JANE DOES,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Francisco Rodriguez Ruiz, Jr., who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. The Court screened the complaint on June 28, 2023, and gave Rodriguez Ruiz an opportunity to file an amended complaint, which he did on July 11, 2023.[1] The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

---

[1] In his amended complaint, Rodriguez Ruiz references a declaration, which he filed separately in support of his amended complaint. *See* Dkt. No. 10 at 2 ("Added pages. In more full detailed facts w/ documents attached as/of evidence . . . as well as briefs, declaration."). Rather than including his factual allegations in the amended complaint, he includes them in his declaration. *See* Dkt. No. 10-2. This is a procedural error. But given Rodriguez Ruiz's pro se status, the Court will excuse his error and will consider the declaration as part of the amended complaint.

defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Rodriguez Ruiz explains that, on August 12, 2021, he was transferred from Fox Lake Correctional Institution to Waupun Correctional Institution. He states that he had had a traumatic brain injury and was experiencing side effects, including loss of balance, blurred vision, and fainting spells. He also states that he had complained about having to use stairs, noting that he had a constant pinching of nerves in his neck, back, hip, and left foot. Rodriguez Ruiz asserts that he

2

was given "several medical items," but the only one he identifies is a cane, which he was given to help with his balance. Dkt. No. 10-2 at 1–2.

According to Rodriguez Ruiz, on November 29, 2021, he fell down the stairs after losing his balance. Rodriguez Ruiz was transported to the hospital by ambulance. He asserts that while in the ambulance, he was approached by a spiritual being who informed him that he must fully embrace his religious beliefs. Rodriguez Ruiz asserts that, after he committed to doing so, the spiritual being touched his hip and a tingling sensation worked its way through his body. Rodriguez Ruiz asserts that he still felt pain, but not to the same degree. At the hospital, various tests were performed, including x-rays and an MRI, all of which showed that there was nothing wrong with him. *Id.* at 2–3.

Rodriguez Ruiz explains that when he got back to Waupun, Defendant Nurse Bleeker made some disrespectful comments to him, calling him a faker. Rodriguez Ruiz states that afterwards he kept to himself, but in early December 2021, he received a conduct report for lying and disrupting conduct, Dkt. No. 10-3 at 14–15. According to the report, Defendant Captain Wayne Bauer investigated the falling incident by interviewing witnesses and reviewing videotape and medical documents. Captain Bauer concluded that Rodriguez Ruiz had orchestrated the fall and lied about his injuries in an attempt to manipulate health services staff into giving him a lower tier restriction. Rodriguez Ruiz asserts that Defendant Robert Weinman reviewed Bauer's report and the video footage and then took away Rodriguez Ruiz's medical devices, including his cane. Rodriguez Ruiz also asserts that Nurse Bleeker began to act under the influence of Bauer and Weinman's opinions, but he does not explain what he means by that. Dkt. No. 10-2 at 3–5.

Rodriguez Ruiz explains that a couple of months later, on February 1, 2022, he again fell down the stairs. Rodriguez Ruiz was escorted to health services, where Defendant Nurse Moore assessed him. According to Rodriguez Ruiz, Moore roughly touched his right leg and continued

3

to do so even when he told her she was hurting him. Rodriguez Ruiz asserts that he had to become disruptive and force her hand off him to get her to stop. Rodriguez Ruiz states that Defendant Lt. Staniec did not intervene even after Rodriguez Ruiz called out in pain several times. *Id.* at 5.

In mid-December 2022, Rodriguez Ruiz was once again allowed to use a cane. He asserts that a few weeks later, he had a health services appointment, at which time Nurse Bleeker unsuccessfully attempted to have his cane removed. Rodriguez Ruiz asserts that his medical issues are still not being taken seriously. *Id.* at 5–6.

### THE COURT'S ANALYSIS

To state a deliberate indifference claim under the Eighth Amendment, a plaintiff must allege that he suffered from an objectively serious medical condition and that the defendants were deliberately indifferent to that condition. *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (en banc). A "[d]isagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Further, a prisoner is not entitled to his preferred treatment; he is entitled only to adequate care. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

The amended complaint fails to state a claim against Bauer based on allegations that, after investigating the circumstances of Rodriguez Ruiz's fall, including talking to witnesses, reviewing medical records, and watching video of the fall, he concluded that Rodriguez Ruiz had staged the fall to manipulate his health providers. Rodriguez Ruiz may disagree with Bauer's conclusion, but his disagreement, without more, cannot form the basis of a §1983 action. Given Bauer's thorough investigation, the Court cannot reasonably infer that he reached his conclusion with deliberate indifference to the consequences his conclusion might have on Rodriguez Ruiz's future medical treatment. In any event, Bauer merely communicated his conclusions to health services;

4

he was not the one who decided to remove Rodriguez Ruiz's medical devices, and it has long been held that there is no vicarious liability under §1983. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (holding that a defendant is liable for damages under §1983 only if he was personally responsible for the deprivation of a constitutional right).

Relatedly, the amended complaint fails to state a claim against Weinman based on allegations that, after reviewing Bauer's report and the video footage of the fall, he concluded that Rodriguez Ruiz no longer required the use of a cane. Again, given Weinman's investigation, the Court cannot reasonably infer that he was deliberately indifferent to Rodriguez Ruiz's condition. He may have reached an incorrect conclusion about whether Rodriguez Ruiz still needed the cane, but reaching an erroneous conclusion amounts, at most, to negligence, which is insufficient to state a deliberate indifference claim. *See Cesal v. Moats*, 851 F.3d 714, 724 (7th Cir. 2017) (holding that failure to correctly diagnose a condition is evidence of negligence, not deliberate difference). Further, according to Rodriguez Ruiz, Nurse Bleeker was not responsible for canceling Rodriguez Ruiz's cane restriction so he fails to state a claim against her because she cannot be held liable for Weinman's decision. Rodriguez Ruiz alleges that, after he was given another cane, she tried to take it away, but because Rodriguez Ruiz was allowed to keep the cane, he suffered no harm from her alleged efforts.

The amended complaint, does, however state a deliberate indifference claim against Nurse Moore,[2] who, following the second fall, allegedly roughly assessed Rodriguez Ruiz's injured leg even after he repeatedly called out and informed her that she was hurting him. He may also proceed on an Eighth Amendment claim against Lt. Staniec, who allegedly failed to intervene in Moore's

---

[2] Rodriguez Ruiz did not name Nurse Moore as a Defendant in the caption of his amended complaint, but it is obvious from his allegations that he intended to sue her, so the Court will add her as a Defendant. *See Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 559 (7th Cir. 1996) ("*pro se* complaints are to be liberally construed, and courts may construe them as having named defendants who are mentioned only in the body of the complaint").

assessment after Rodriguez Ruiz repeatedly called out in pain. *See Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) ("Prison administrators can rely on medical personnel unless they have 'reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'").

Finally, the Court will dismiss the John and Jane Doe placeholders. Rodriguez Ruiz states that he would like to rely on the statements of unnamed individuals as witnesses to the injuries he suffered after his first fall, but his amended complaint contains no allegations of what those individuals did or did not do to violate his constitutional rights.

**IT IS THEREFORE ORDERED** that Captain Wayne Bauer, Nurse Bleeker, HSM Weinman, and the John and Jane Does are **DISMISSED** because Rodriguez Ruiz fails to state a claim against them.

The Clerk's Office is **DIRECTED** to add Nurse Moore as a Defendant.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Rodriguez Ruiz's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Nurse Moore and Lt. Staniec.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Nurse Moore and Lt. Staniec shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Rodriguez Ruiz is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 26th day of July, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge