UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRANCISCO RODRIGUEZ RUIZ, JR.,

    Plaintiff,

v.                                            Case No. 23-C-600

JEREMY STANIEC, et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Francisco Rodriguez Ruiz, Jr., who is serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action under 42 U.S.C. §1983. On November 6, 2023, Defendants Jeremy Staniec and Mary Moore moved for summary judgment on the ground that Plaintiff failed to exhaust the available administrative remedies as to his claims against them before he initiated this lawsuit.[1] Dkt. No. 41. The next day, the Court entered a notice and order informing Plaintiff that his response materials were due December 6, 2023. The Court warned Plaintiff that if he failed to respond to the proposed findings of fact, the Court would accept all facts as undisputed. On November 21, 2023, Plaintiff filed a declaration and brief in response to the summary judgment motion. Plaintiff did not respond to Staniec and Moore's proposed findings of fact. For the reasons explained below, the Court will grant the motion and dismiss Staniec and Moore from this case.

---

[1] Also on November 6, 2023, the Court screened Plaintiff's second amended complaint and allowed Plaintiff to proceed on a claim against Defendant Robert Weinman. *See* Dkt. No. 49. Weinman has not joined Staniec and Moore's summary judgment motion on exhaustion grounds, so Plaintiff's claim against Weinman is unaffected by this decision. Per the screening order, Weinman must file a responsive pleading to the second amended complaint by January 5, 2024.

# BACKGROUND

On February 2, 2022, an unidentified staff member completed an inmate complaint form on Plaintiff's behalf that stated, "HSU held down my knee. It hurt. I told her to stop. She didn't. I grabbed her hand to stop her from continuing to hurt me." Dkt. No. 51-3. Plaintiff did not sign the inmate complaint. Instead, the staff member wrote in the signature block, "Can't sign because OBS status." *Id.* On February 7, 2022, the institution complaint examiner returned the inmate complaint to Plaintiff, explaining that the inmate complaint was not accepted because "[c]omplaints must include the inmate's original signature," Dkt. No. 51-4 (citing Wis. Admin. Code §DOC 310.07(3)(d)). The return letter explained to Plaintiff that "staff cannot file a complaint for you," and informed Plaintiff that he could refile his inmate complaint after he was removed from OBS and include a "plea for good cause if it is late." *Id.* When Plaintiff received the return letter, he was no longer on observation status and was free to refile his inmate complaint. Dkt. No. 43 at ¶11. He did not do so. *Id.* at ¶9. Instead, on February 12, 2022, he signed an inmate complaint on an unrelated matter, which he submitted on February 14, 2022. *Id.* at ¶12.

# LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than

simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Plaintiff was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(c)(1). According to the United States Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "A prisoner's failure to exhaust administrative remedies before filing a claim is an affirmative defense, . . . [so] defendants have the burden of pleading and proving the defense." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

Wisconsin has established the Inmate Complaint Review System (ICRS) as the principal administrative remedy for prisoners. *See* Wis. Admin. Code §DOC 310.04. Under the ICRS, a prisoner must file an inmate complaint within fourteen days after the occurrence giving rise to the complaint. §DOC 310.07(2). An inmate complaint filed outside of that time period may be accepted for good cause, but an inmate must "request to file a late complaint and explicitly provide the reason for the late filing." *Id.* "Failure to comply with administrative deadlines dooms the

claim except where the institution treats the filing as timely and resolves it on the merits." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).

It is undisputed that Plaintiff failed to file a signed inmate complaint as required by §DOC 310.07. Accordingly, the institution complaint examiner properly rejected Plaintiff's inmate complaint. Despite being given an opportunity to submit a signed inmate complaint, it is undisputed that Plaintiff failed to do so. In an apparent attempt to explain his failure to resubmit a signed inmate complaint, Plaintiff highlights that he suffers from nerve issues, the side effects of a traumatic brain injury, and perhaps even chronic traumatic encephalopathy. *See* Dkt. No. 56 at 3-5. Although he never states that these conditions prevented him from resubmitting a signed inmate complaint, he asks the Court to be lenient when considering his failure to do so given "the other things [he] was dealing with." *Id.* at 4.

The implication that Plaintiff was unable to resubmit a signed inmate complaint because of his health issues is undercut by the fact that he successfully submitted an inmate complaint on an unrelated issue several days after receiving the institution complaint examiner's rejection letter. *See* Dkt. No. 51-2 at 6. The inmate complaint that Plaintiff chose to submit is legible, detailed, and easy to understand, demonstrating that whatever long-term health issues he may have been dealing with, he was capable of complying with the administrative code. His decision not to dooms his claim against Moore and Staniec. In short, Plaintiff failed to exhaust the administrative remedies as to his claim against Moore and Staniec because he did not file an inmate complaint at the time or in the manner that the administrative rules require. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Moore and Staniec are therefore entitled to summary judgment and will be dismissed from this case.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants Jeremy Staniec and Mary Moore's motion for summary judgment on exhaustion grounds (Dkt. No. 41) and **DISMISSES** them from this action.

Dated at Green Bay, Wisconsin this 19th day of December, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
