UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANCISCO RODRIGUEZ RUIZ, JR.,

        Plaintiff,

  v.                                              Case No. 23-C-600

ROBERT WEINMAN,

        Defendant.

## DECISION AND ORDER

      Plaintiff Francisco Rodriquez Ruiz, Jr., who is incarcerated at Racine Correctional Institution and representing himself, is proceeding on an Eighth Amendment claim against Defendant Robert Weinman based on allegations that he was deliberately indifferent to his mobility challenges when he cancelled his order for a cane, physical therapy, and pain medication. On August 30, 2024, Defendant filed a motion for summary judgment. For the reasons explained in this decision, the Court will grant the motion and dismiss this action.

## PROCEDURAL MATTERS

      Defendant notes that Plaintiff failed to comply with the Court's local rules governing motions for summary judgment. The record reflects that, consistent with the local rules, Defendant filed a statement of proposed material facts as to which he claims there is no genuine dispute and that entitle him to relief as a matter of law. *See* Civil L. R. 56(b)(1)(C). Each factual assertion was supported by specific references to affidavits, declarations, parts of the record, and other supporting materials. As also required by the local rules, Defendant provided Plaintiff with the warnings for *pro se* litigants and a copy of Fed. R. Civ. P. 56 and Civil L. R. 7 and 56. *See* Civil Local Rule 56(a)(1). Finally, on August 30, 2024, the Court reminded Plaintiff of his

responsibilities in responding to Defendant's summary judgment motion and, with specific reference to Defendant's statement of proposed material facts, warned Plaintiff that, if he did "not respond to a proposed fact, the Court w[ould] assume that [Plaintiff] does not dispute the proposed fact and will accept the proposed fact as true." Dkt. No. 107.

Despite this information and these warnings, Plaintiff filed only a two-page "objection" to Defendant's summary judgment motion with more than 600 pages in attached exhibits. Plaintiff identifies the exhibits, but he makes no effort to explain how each exhibit is relevant to his claim. The Court will not, in fact cannot, do that analysis for him. Plaintiff also did not respond to Defendant's statement of proposed material facts, nor did he file a legal brief responding to Defendant's arguments. Plaintiff's response violates Civil L. R. 56(b)(2) and Fed. R. Civ. P. 56(c)(1). And so, as warned, because Plaintiff did not respond to Defendant's statement of proposed material facts, those facts are accepted as true for purposes of deciding Defendant's motion. Civil L. R. 56(b)(4), Fed. R. Civ. P. 56(e)(2).

## BACKGROUND FACTS

At the relevant time, Plaintiff was incarcerated at Waupun Correctional Institution, where Robert Weinman worked as the Nursing Supervisor/Health Services Unit Manager. Weinman's duties include working with primary care physicians to ensure quality health care is provided to inmates in an efficient and effective manner. Advanced care providers are responsible for the management of medical services including providing medical care, while Weinman provides overall administrative support. Weinman does not oversee or manage advanced care providers, nor does he evaluate, diagnose, determine a course of treatment, prescribe medications for, or have any direct patient care contact with inmates. Indeed, he does not have authority to prescribe medication (other than over-the-counter drugs), refer patients to specialists, order imaging studies, or override the treatment decisions of physicians. Dkt. No. 105 at ¶¶1-10.

2

With regard to Plaintiff's medical care, Weinman did not examine Plaintiff or make any decisions regarding his cane, physical therapy, or pain medication. In fact, Weinman had no authority to cancel Plaintiff's cane restriction, physical therapy, or pain medication. Weinman explains that he reviewed Plaintiff's medical records and learned that Dr. Cheryl Jeanpierre discontinued Plaintiff's cane restriction on December 14, 2021. Weinman was not involved in that decision. Weinman also learned that, on November 24, 2021, Dr. Jeanpierre referred Plaintiff to physical therapy for his left hip and leg pain. He was discharged on March 22, 2022, after receiving his maximum number of authorized sessions. Weinman was not involved in referring Plaintiff to physical therapy or determining the number of sessions to authorize. Finally, Weinman learned that Dr. Jeanpierre and Nurse Practitioner Mary Moore prescribed Plaintiff pain medication in early 2021, in response to his complaints of pain after falling. Again, Weinman was not involved in these decisions. Weinman emphasizes that at no time did he have reason to believe Plaintiff's treating providers were not providing him with adequate care. Dkt. No. 105 at ¶¶11-19.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than

3

simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Section 1983 requires that a defendant be personally involved in an alleged deprivation to be liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff asserts that his constitutional rights were violated when his cane restriction and physical therapy were cancelled and when he was denied adequate medication in response to his complaints of pain. But Plaintiff offers no evidence from which a jury could reasonably conclude that Weinman was involved in any of those decisions. Because there is no vicarious liability under §1983, Weinman will not be liable for others' treatment decisions.

Further, as the Seventh Circuit has explained, a prison official generally does not act with deliberate indifference if he reasonably relies on the judgment of medical personnel. *Eagen v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021). Given Weinman's administrative role, he was "entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care." *Id*. (citations omitted). Plaintiff also fails to offer any evidence from which a jury could reasonably conclude that Weinman suspected providers were inadequately treating Plaintiff. Given that Weinman was not involved in the treatment decisions about which Plaintiff complains and given that he was not aware of any concerns about Plaintiff's providers' care, no jury could reasonably conclude that Weinman acted with deliberate indifference to Plaintiff's concerns. Weinman is, therefore, entitled to summary judgment.

Finally, on August 19, 2024, Plaintiff filed a motion to compel Defendant to produce a video. Plaintiff does not explain how the video is relevant to his claim. Further, the motion does not comply with Civil L. R. 37 in that it does not include a certification that, before filing the motion, Plaintiff conferred in good faith with opposing counsel in an effort to resolve his concern. For these reasons, the Court will deny the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (Dkt. No. 102) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Dkt. No. 103) is **GRANTED** and this action is **DISMISSED**. The clerk of court shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 4th day of November, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.