UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRANCISCO RODRIGUEZ RUIZ, JR.,

    Plaintiff,

    v.                                              Case No. 23-C-600

ROBERT WEINMAN,

    Defendant.

---

## DECISION AND ORDER

---

    Plaintiff Francisco Rodriguez Ruiz, Jr., who is confined at Racine Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. On November 4, 2024, the Court granted Defendant's motion for summary judgment and dismissed this case. Plaintiff filed a notice of appeal on December 4, 2024. Two days later, on December 6, 2024, Plaintiff filed a motion to alter or amend the judgment. The Seventh Circuit has instructed courts to analyze a post-judgment motion based on the substance of the motion, not on the timing or label affixed to it. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Rule 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. The Court may not extend that deadline. To obtain relief under Rule 59(e), a petitioner must demonstrate a manifest error of law or present newly discovered evidence. *Id.* at 494 (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)).

    According to the postmark on the envelope in which the motion was mailed, Plaintiff placed his motion in the mail on December 4, 2024, thirty days after judgment was entered on November 4, 2024. Accordingly, Plaintiff's motion is untimely under Rule 59(e). However, even

if it had been timely, the Court would have denied his motion because Plaintiff does nothing more than take "umbrage with the court's ruling," which is an insufficient basis to grant relief under Rule 59. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Federal Rule of Civil Procedure 60(b) allows a court to grant relief from a final judgment within a "reasonable time" after entry of judgment for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud . . . , misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

While Rule 60(b)(1) allows a court to remedy its own mistakes, *Mendez v. Republic Bank*, 725 F.3d 651, 659-60 (7th Cir. 2013), Plaintiff's motion does not convince the Court that it made a mistake. The Court considered Plaintiff's arguments when it granted Defendant's summary judgment motion; nothing in Plaintiff's motion to reconsider convinces the Court that it erred in its analysis of the facts or its application of the law.

Plaintiff also has not presented newly discovered evidence, so Rule 60(b)(2) does not afford him relief. He does not allege that Defendant obtained the judgment by fraud, misrepresentation, or misconduct, so he is not entitled to relief under Rule 60(b)(3). The judgment is not void, nor has it been satisfied, so subsections (b)(4) and (b)(5) are not applicable. Finally, "relief under the subsection (6) catch-all category is limited to extraordinary circumstances." *Mendez*, 725 F.3d at 657 (citations omitted). Plaintiff does not meet this high bar. Therefore, the Court will also deny Plaintiff's motion for reconsideration under Rule 60(b). *See* Fed. R. Civ. P.

62.1 (allowing a court that lacks authority to grant a motion because an appeal is pending to deny the motion).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to alter or amend the judgment (Dkt. No. 114) is **DENIED**.

Dated at Green Bay, Wisconsin this 19th day of December, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
